Johnston, Ch.
With respect to Selby’s claim, this Court does not concur with the Chancellor. The only evidence of the loss of the note was the affidavit of Selby himself, that it had been destroyed by having been washed in his waist-coat pocket. Such affidavit is good to give jurisdiction to this Court. But, there must be proof of loss or destruction from disinterested witnesses, as well in equity as at law, before the contents of the instrument can be established, so as to allow the claim, or ground relief thereon. The first question must be, whether there is a debt, and what is its amount and character. Upon ascertaining this, a decree goes for it, and then to guard the debtor against future liability, indemnity is ordered. This last is only a consequence of establishing the demand. That must be done in the ordinary way. Secondary evidence of the contents of the instrument can only be let in upon proof of the loss or destruction of the best evidence, which is the instrument itself. The importance of the rule is very apparent *112 where the inquiry is, as in this case, whether the seal was added to the note after its execution. As the witness, Cobb, did not see the note executed, it might be very true that when he first saw it, it had a seal attached to it; and yet true, also, that the seal was put to it after it was given. It appears that when the note was presented to the administrator, it was challenged; and that when Sel-by afterwards came forward to establish his demand, he did not produce it. He had an interest to establish it as a sealed instrument, in order to obtain a larger proportion of the assets. But, if in fact, the seal was not genuine, he had an interest to keep that out of view. To allow his own oath of loss for proof, would be to receive his own testimony in his own case, in a matter of more or less importance, just in proportion as the face of the note would have furnished evidence of genuineness or fabrication of the seal. This exception is sustained.
With regard to the application of the act of limitations to Nicholson’s demand, generally, this Court concurs with the Chancellor. The case of Lever v. Lever, (1 Hill C. R. 62,) is upon the very point, that the statute cannot run between principal and agent until demand. The circumstances relied on do not show a demand of the monies kept back by the agent.
The Court also concurs with the Chancellor with respect to the two promissory notes due to Nicholson. The indorsement of a credit on them, by him, is, (as proof of acknowledgment by the debtor,) no more than the written declarations of Nicholson himself of such acknowledgment. The act of limitations must prevail. No doubt the trust funds received by Gray were the consideration of the notes; and that the taking of the notes was no discharge of the trust. But it afforded a legal remedy by the express agreement of the parties. In such cases it would seem to be against principle to unravel the transaction merely for the purpose of evading the statute, and giving a remedy to one who had just as good a remedy at law, but neglected to avail himself of it.
Upon the subject of interest; the Court is of opinion that with regard to the sums received by Mr. Gray, prior to the written stipulations between him and Nicholson, the latter is entitled to interest from the accounting by the former next succeeding the *113 times of receiving those sums respectively; and that for sums received by Gray after the written stipulations, the computation of iuterest must begin from the time, at which by the stipulations he should have accounted for them. The Court might have gone further, for it appears reasonable that when an agent holds back funds and mixes them with his own, he should pay interest from the time he received them. But this has not been asked.
With respect to commissions, the rule is settled that where not stipulated for, nor secured by statute, they never can be allowed.
Upon that ground of appeal which insists that the facts and circumstances proved, create a fair presumption of full settlement in Mr. Gray’s life time, it would be sufficient to rely on the judgment of the Chancellor, who had better opportunities than we have to estimate the proof. But wo see enough to satisfy us of the correctness of his conclusion on the point.
With regard to the competency of Joseph Eakin, as a witness, the reasoning of the Chancellor, if reasoning were necessary on a point so plain, is entirely satisfactory.
Upon the subject of the bills drawn by Holmes and Gray, the decree must stand. Co-partnership creditors have aright to resort either to the partnership property, or to the separate property of the partners, at their pleasure; the obligation of the partners being joint and several, co-partnership creditors, therefore, have two funds. But the private creditors of a partner cannot go against the partnership funds beyond their debtor’s interest in them, which is for the balance left after payment of the partnership debts. They have but one fund. The principle is familiar, that he who has two funds to resort to, shall be compelled, at the instance of one who can only resort to one of them, to take satisfaction, if it can be obtained, out of the other. But, here, it is admitted the partnership funds are exhausted, and that Holmes is insolvent, so that the partnership creditors’ only resource is the estate of Gray. At law, their remedy is only against the survivor, Holmes. But whenever the deceased has participated in the consideration of the debt, (as all partners do,) if the survivor is insolvent, equity always affords relief.
*114 With regard to Lites’ claim, the Chancellor’s decree was correct upon the facts presented to him. If the counsel could have ar- ' gued upon a different state of facts here, the Court would have been willing to reform the decree. As it is, the parties have leave to agree among themselves, or vary the facts upon further reference.
The ground of appeal respecting the sum received from Keller has not been pressed; and the Court see no error in the decree.
With respect to the new demands presented on behalf of Nicholson, this Court thinks that, under the orders made in the case, the circuit court had a discretion left in it to receive them for proof. My own impression is, that they should have been excluded. But we all agree that the order requiring proof de novo, of what was proved before, was erroneous. It must stand subject to proof on the other side.
With regard to the bond of Peaster and Gray, the majority of the Court is entirely satisfied with the view presented by the Chancellor. The fact of payment by Peaster to Gray, as agent, does not in the opinion of my brethren (but such is not my own opinion,) affect the case.
An appeal has been taken on Lomax’s demand; but upon careful examination of the evidence, the Court is satisfied with the opinion expressed in the circuit decree.
With respect to the after discovered receipt of Adams, that ground of appeal is sustained.
Let the cause be remanded to the circuit court, and let the circuit decree be modified according to this opinion.